■ In the Matter of BEN SCOTT, Appellant, v LENA JACKSON, Respondent. [832 NYS2d 611]—

In related visitation proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (O'Shea, J.), dated May 31, 2006, which, without a hearing, in effect, granted the mother's motion to dismiss the proceedings for lack of continuing jurisdiction pursuant to Domestic Relations Law § 76-a.

Ordered that the order is affirmed, without costs or disbursements.

It is undisputed that the mother and the child have resided in Connecticut since September 2002. The father nevertheless argues that the Family Court retained "exclusive, continuing jurisdiction" (Domestic Relations Law § 76-a) with respect to these visitation proceedings, which were commenced on October 15, 2005, on the basis of either a temporary order of protection that was issued by the same court (Yuskevich, Ct Atty Ref) on February 13, 2002, or a permanent order of protection issued in a criminal action by the Supreme Court, Kings County (Lott, J.), on June 17, 2003. Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA) (*see* Domestic Relations Law § 75-a *et seq.*), a New York court that has issued an initial custody determination retains exclusive, continuing jurisdiction with respect to issues of custody and visitation, except in certain circumstances specified in the statute (*see* Domestic Relations Law § 76-a [1] [a], [b]). Contrary to the father's argument, however, neither of the orders of protection constitutes an initial custody determination upon which exclusive, continuing jurisdiction may be predicated. For the purpose of the UCCJEA, the term "child custody determination" means "a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child" (*see* Domestic Relations Law § 75-a [3]). Neither the temporary order of protection nor the permanent order of protection took any such action. As a result, neither order can provide a basis for exclusive, continuing jurisdiction to support the petitions here. Therefore, the Family Court, in effect, correctly dismissed the proceedings for lack of jurisdiction. Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.